IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01007-MSK-MJW

CELLPORT SYSTEMS, INC.,

Plaintiff,

v.

PEIKER ACOUSTIC GMBH & CO. KG,

Defendant.

---

**ORDER REGARDING
STIPULATED PROTECTIVE ORDER (DOCKET NO. 33)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter came on for hearing on October 8, 2009, per the Stipulated Request for Discovery Conference (docket no. 33).  At this hearing, this court considered the issue of either a one-tier or two-tier protective order.

In this case, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  Furthermore, the court has considered Plaintiff's Statement Regarding Two-Tier Protective Order (docket no. 37) and Defendant Peiker Acustic GMBH & Company's Statement of Relevant Legal Authorities (docket no. 36).  Lastly, the court has considered oral argument presented by the parties.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDING OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Plaintiff and Defendant disagree on whether an "attorney-eyes-only" provision should be included to the otherwise agreed upon Protective Order, which would require certain documents and information that is highly confidential and/or trade secrets to be reviewed by outside counsel and outside experts only;

5. That Plaintiff argues that it is not a direct competitor to Defendant and that requiring a two-tier protective order is unnecessary since a one-tier protective order will provide adequate protection to Defendant. In addition, Plaintiff argues that Defendant is protected as well under paragraph 10.8 of the License Agreement dated October 1, 2004. *See* exhibit 1 attached to the Complaint. Lastly, Plaintiff argues that a two-tier protective order would be extremely costly to Plaintiff, which is a very small company, and would prejudice Plaintiff's ability to prosecute this case;

6. Defendant argues that a two-tier protective order is needed. Defendant argues that even though Plaintiff has stopped manufacturing product, it is still actively engaged in research and development, consulting, and patent filing and prosecution in the

   exact same technological field as Defendant and therefore is a direct competitor to Defendant. In addition, Defendant argues any costs associated with hiring outside experts for the review of highly confidential documents does not outweigh the importance of preserving confidential documents from a competitor. In particular, since Plaintiff filed this lawsuit, it should not be allowed to access Defendant's confidential information as a result;

7. That Defendant has demonstrated that the parties to this lawsuit are currently engaging in business activities that are in direct competition to each other;

8. That in balancing the need for preservation of a competitor's trade secrets and proprietary and confidential information against the need to elicit facts for full and fair presentation of a case, I find that under the facts and circumstances of this case, the need for preservation of trade secrets and proprietary and confidential information outweighs the costs to Plaintiff to retain an expert to help Plaintiff elicit facts and to prepare this case for trial. See Centurion Indus. v. Warren Steurer & Assocs.., 665 F.2d 323, 325-26 (10th Cir. 1981); Netquote, Inc. v. Byrd, No. 07-cv-00630, 2007 WL 2438947, at *1 (D. Colo. Aug. 23, 2007).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

4

court **ORDERS**:

1. That a Two-Tier Protective Order should enter in this case;

2. That the Stipulated Protective Order (docket no. 33-2) is **APPROVED** and made an Order of Court.  *See* signed written Stipulated Protective Order (docket no. 33-2).

Done this 9th day of October 2009.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE