IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-1007-MSK-MJW

CELLPORT SYSTEMS, INC.,

    Plaintiff,

vs.

PEIKER ACUSTIC GMBH & CO. KG,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER** *(Docket No. 33-2)*

---

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2. **DEFINITIONS**

    2.1   <u>Party</u>: any party to this action, including all of its officers, directors, and employees.

    2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3   <u>"Confidential" Information or Items</u>: all information designated as "Confidential" pursuant to paragraph 5 of this Protective Order which is or has been produced or

2

otherwise disclosed in connection with this action, and may include (a) all documents and things and copies thereof, (b) answers to interrogatories and responses to requests for admission, (c) all testimony given in this action whether by deposition or at any pretrial hearing or at trial, which any party designates as "Confidential," including all transcripts thereof, and (d) any copies, abstracts, excerpts, analyses, summaries or other materials (whether in writing, electronic or other form) which contain, reflect or disclose information contained in such discovery materials or testimony which are designated as "Confidential."

    2.4 <u>"Highly Confidential — Attorneys' Eyes Only" Information or Items</u>: all information designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to paragraph 5 of this Protective Order which is or has been produced or otherwise disclosed in connection with this action, and may include (a) all documents and things and copies thereof, (b) answers to interrogatories and responses to requests for admission, (c) all testimony given in this action whether by deposition or at any pretrial hearing or at trial, which any party designates as "Highly Confidential – Attorneys' Eyes Only," including all transcripts thereof, and (d) any copies, abstracts, excerpts, analyses, summaries or other materials (whether in writing, electronic or other form) which contain, reflect or disclose information contained in such discovery materials or testimony which are designated as "Highly Confidential – Attorneys' Eyes Only."

    2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>: attorneys as well as their support staff who are not employees of a Party but who are retained to represent or advise a Party in this action. "Outside Counsel" specifically excludes counsel that a Receiving Party previously retained or currently retains for patent preparation and/or prosecution work, and also specifically excludes Andrew Quartner.

2.10 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee or director of a Party and who, at the time of retention, is not anticipated to become an employee or director of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by any Party or Counsel to or in court or in other settings that might reveal Protected Material. Each Party, including all of its officers, directors, and employee, is subject to this Order. The officers, directors and employees of the parties shall be bound regardless of whether they have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Designating Confidential and Highly Confidential – Attorneys' Eyes Only Information. A Party shall designate as Confidential Information only information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed R.Civ.P. 26(c), including without limitation materials which that Party in good faith believes constitute information that is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence.

Highly Confidential – Attorneys' Eyes Only information shall be limited to extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of injury, including without limitation a Party's proprietary business information, or technical materials, or both, the disclosure of which would likely result in competitive harm to that Party.

The provisions of this Order with respect to Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall not apply to information that was, is, or became accessible to the public not in violation of this Protective Order, nor to any information that is obtained by any party through independent means.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

5

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" or words to similar effect) on each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony may (i) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"; or (ii) may designate the testimony as a whole, and shall specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). In the event that testimony as a whole is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and after the receipt of the transcript of such testimony, a party may seek to de-designate that testimony. Upon receipt of a request for de-designation, the witness, his employer, or his counsel shall identify in writing the portions of the transcript containing the protected testimony. Protection under this Order shall lapse if a witness, his

6

employer, or his counsel fails to respond to a request to de-designate within 21 days. In the case of non-party witnesses, either the non-party witness or the non-party witness' employer may designate testimony as a whole during the deposition, and, in accordance with the above provision, a party may seek to de-designate such testimony after the receipt of the transcript, unless counsel for the parties stipulate otherwise.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential — Attorneys' Eyes Only."

5.3  <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, shall thereafter treat such material in accordance with the provisions of this Order and shall make reasonable efforts to assure that Experts and Professional Vendors do so, provided, however, that this provision shall not require any further efforts by the Receiving Party with respect to the recovery of such material from persons other than Experts or Professional Vendors where such persons received such material prior to it being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation shall do so in good faith and shall begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party shall explain the basis for its belief that the confidentiality designation was not proper and shall give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under D.C.COLO.L.Civ.R 7.1 (and in compliance with D.C.COLO.L.Civ.R. 7.2 and 7.3, if applicable).

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A Receiving Party is expressly prohibited from using any Protected Material in connection with the preparation and/or prosecution of any patent application or related proceeding. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Nothing in this Order prohibits or limits use of Protected Material by the Producing Party.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel;

(b) Officers, directors, and employees (including in-house Counsel) of the Receiving Party, provided that such disclosure is for purposes of assisting with the prosecution or defense of the litigation. All persons who have access to material protected under this protective order shall be bound by its terms, even after leaving the employ of a party;

(c) Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) witnesses in the action.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel;

(b)  Experts (as defined in this Order) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  the Court and its personnel;

(d)  court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e)  witnesses in the action during their depositions or in-court testimony, or witnesses who the document or testimony at issue indicates were authors or recipients of the information at issue and who have previously signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

7.4  <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items to "Experts."</u>

(a)  A Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" first must provide written notification to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume /curriculum vitae, and (3) identifies the Expert's current employer(s).

(b)  A Party that provides notification and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in D.C.COLO.L.Civ.R.7.1 (and in compliance with D.C.COLO.L.Civ.R. 7.2 and 7.3, if applicable) seeking permission from the Court to do so.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing, within a reasonably practicable time after receiving the subpoena or order so as to permit the Designating Party sufficient time to object to such disclosure. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

10. **INADVERTENT DISCLOSURE OF PROTECTED MATERIAL**

Nothing in this Stipulation and Protective Order shall require production of information which Cellport Systems, Inc., Peiker Acustic GMBH & Co. KG or any third party contend is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a party has inadvertently produced to the other party information subject to claim of immunity or privilege, the other party upon request shall promptly return the information for which a claim of inadvertent production is made. The party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

11. **FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with D.C.COLO.L.Civ.R. 7.2 and 7.3.

12. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party, and shall certify in writing that all such materials have been disposed of according to this Section 12. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing

12

any of the Protected Material. Protected Material does not include pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including exhibits thereto), even if such materials contain Protected Material. Any such materials that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek modification of this Order in the future (either from the Court or by mutual agreement), including seeking additional protections before disclosing documents or information in this case, and including seeking disclosure of designated information to persons not otherwise authorized under this Order.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13

          13.3    <u>Third parties</u>. To the extent third parties are required to provide information, third parties shall be entitled to the protections of this Protective Order by entering into a written agreement with the Parties incorporating the terms hereof.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: October 9, 2009

_____
United States Magistrate Judge
United States District Court

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

14

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:

        _____

s/ _____
Christopher H. Toll
HOLLAND & HART LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1637
Fax: (303) 975-5300
ctoll@hollandhart.com

Timothy P. Getzoff
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Tel: (303) 473-2700

Attorneys for Defendant

DATED:

        _____

s/ _____
Lisa Hogan
James Pinto
Geoffrey Williamson
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202-4437

Attorneys for Plaintiff

15

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
## BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on _____ [date] in the case of Cellport Systems, Inc. v. Peiker Acustic GMBH & Co. KG, Case No. 09-cv-1007-MSK-MJW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further promise and agree not to use any information or item that is subject to this Stipulated Protective Order for any purpose beyond the instant litigation.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

4587423_3.DOC