IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01007-MSK-MJW

CELLPORT SYSTEMS, INC.,

Plaintiff,

v.

PEIKER ACOUSTIC GMBH & CO. KG,

Defendant.

---

## ORDER REGARDING
## DEFENDANT'S MOTION TO AMEND ITS AMENDED ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS (DOCKET NO. 84)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion to Amend Its Amended Answer to Amended Complaint and Counterclaims (docket no. 84).  The court has reviewed the subject motion (docket no. 84), the Response (docket no. 86) thereto, and the Reply (docket no. 87).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.     That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Defendant Peiker Acustic GMBH & Co. KG ("Defendant") requests leave to file a Second Amended Answer to the Amended Complaint and Counterclaims and add the affirmative defense of invalidity, in particular, alleging that at least two of the Licensed Patents at issue in this case, U.S. Patent No. 6,377,825 and E.O. No. 1,266,456, are invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112, and Articles 100, 123, 54, and 56 E.C., respectively;

5. That the subject motion (docket no. 84) was filed timely per the deadline to amend the pleadings or join additional parties as outlined in the Rule 16 Scheduling Order on March 19, 2010;

6. That Plaintiff Cellport System, Inc. ("Plaintiff"), argues that Defendant's subject motion is untimely and that Plaintiff would suffer undue delay and undue prejudice if the Defendant is allowed to amend, citing Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993), and Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009);

7. That Plaintiff further argues that Defendant knew or should have known of the facts upon which its proposed amendment is based but that Defendant failed to include them in the original or amended Answer and Counterclaim and therefore the subject motion (docket

no. 84) should be denied.  State Distributors, Inc. v. Glenmore

Distilleries, Co., 738 F.2d 405, 416 (10th Cir. 1984);

8.      That pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely

give leave [to amend] when justice so requires."  "Refusing leave to

amend is generally only justified upon a showing of undue delay,

undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or

futility of amendment."  Bylin v. Billings, 568 F.3d at 1229 (quoting

Frank v. U.S. West, Inc., 3 F.3d at 1365).  "[T]he liberal granting of

motions for leave to amend reflects the basic policy that pleadings

should enable a [defense] to be heard on its merits."  Carr v.

Hanley, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting

Calderon v. Kansas Dep't of Soc. & Rehab. Servs., 181 F.3d 1180,

1186 (10th Cir. 1999));

9.      That the discovery deadline is October 29, 2010, and no

depositions have been taken.  The dispositive motion deadline is

November 30, 2010.  The Final Pretrial Conference is set before

Judge Krieger on March 29, 2011. There is no trial date set.  Thus,

I find no prejudice to Plaintiff if the amendment is permitted;

10.     That good cause and a legal basis has been shown to allow this

requested amendment as reflected in paragraphs 3 through 6,

inclusive, in the subject motion (docket no. 84).

# ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1.  That Defendant's Motion to Amend Its Amended Answer to Amended Complaint and Counterclaims (docket no. 84) is **GRANTED**;

2.  That the Defendant's Second Amended Answer to the Amended Complaint and Counterclaims (docket no. 84-1) is accepted for filing as of this date of this Order;

3.  That each party shall pay their own attorney fees and costs for the subject motion (docket no. 84).

Done this 14th day of April 2010.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE