IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01007-MSK-MJW

CELLPORT SYSTEMS, INC.,

Plaintiff,

v.

PECKER ACOUSTIC GMBH & CO. KG,

Defendant.

---

ORDER REGARDING
PLAINTIFF'S MOTION TO STRIKE AMENDMENTS TO DEPOSITION OF
ALEXANDER SENNECKE (DOCKET NO. 106)

---

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Plaintiff's Motion to Strike Amendments to Deposition of Alexander Sennecke (docket no. 106). The court has reviewed the subject motion and the Response (docket no. 108). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law and order.

In the subject motion, Plaintiff seeks an Order from this court striking deponent Alexander Sennecke's proposed amendments to his deposition transcript and barring Defendant from using such proposed amendments to Mr. Sennecke's deposition transcript as evidence in any motion for summary judgment or trial. Plaintiff argues that

Mr. Sennecke's amendments, in fact, materially change his deposition testimony that he provided under oath during his deposition on June 9, 2010, and further argues that such amendments are untimely pursuant to Fed. R. Civ. P. 30(e).

In opposition to the subject motion, Defendant argues that Plaintiff is not prejudiced by the delay in Mr. Sennecke's proposed amendments and that such amendments do not materially change Mr. Sennecke's deposition testimony. Defendant further argues that, even if, such amendments are determined to be material, they are permissible clarifications under Burns v. Bd. of County Comm'rs of Jackson County, 330 F.3d 1275 (10th Cir. 2003).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties;
2. That venue is proper in the state and District of Colorado;
3. That each party has been given a fair and adequate opportunity to be heard;
4. That Plaintiff has failed to demonstrate any prejudice because Alexander Sennecke's amendments to his deposition testimony transcript were untimely;
5. That in the Burns case, the court listed the following factors that a trial court should consider in determining whether amendments to deposition testimony under Fed. R. Civ. P. 30(e) are proper. Those

factors are: (a) whether the deponent was cross-examined; (b) whether the deponent had access to the pertinent evidence at the time of his deposition or whether the amendments were based on newly-discovered evidence; and, (c) whether the original deposition testimony reflects confusion which the amendments attempt to explain;

6. That none of the <u>Burns</u> factors weigh in favor of permitting Mr. Sennecke to rewrite his sworn deposition testimony;

7. That Mr. Sennecke was cross-examined by Plaintiff's counsel Mr. Meyer at his deposition, with Defendant's counsel Mr. Toll present;

8. That Mr. Sennecke proposed amendments do not rely upon any newly-discovered evidence but change his recollections from memory without explanation for such changes;

9. That Mr. Sennecke's original deposition testimony transcript does not show any confusion by Mr. Sennecke over any of the questions or his answers to such questions that he now seeks amendments to in his deposition testimony transcript; and,

10. That Mr. Sennecke's proposed amendments to his deposition testimony transcript do materially alter his sworn deposition testimony.

**ORDER**

WHEREFORE, based upon these findings of fact and conclusions of law, this court ORDERS:

1. That Plaintiff's Motion to Strike Amendments to Deposition of Alexander Sennecke (docket no. 106) is GRANTED;

2. That Alexander Sennecke's proposed amendments to his sworn deposition transcript are stricken;

3. That Defendant may not use such proposed amendments in support of or in opposition to any dispositive motion or at trial; and,

4. That each party shall pay their own attorney fees and costs.

Done this 13th day of October 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE