IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01007-MSK-MJW

CELLPORT SYSTEMS, INC.,

    Plaintiff/Counterclaim Defendant,

v.

PEIKER ACUSTIC GMBH & CO. KG,

    Defendant/Counterclaim Plaintiff.

---

**ORDER REGARDING
DEFENDANT PEIKER'S MOTION TO STRIKE CELLPORT'S JURY DEMAND
(DOCKET NO. 123)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This matter is before the court on Defendant Peiker's Motion to Strike Cellport's Jury Demand (docket no. 123). The court has reviewed the subject motion (docket no. 123), the response (docket no. 137), and the reply (docket no. 141). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following finding of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and district of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That on April 30, 2009, the Amended Complaint was filed in this court, and in that pleading, Plaintiff Cellport demanded a trial by jury. See Amended Complaint (docket no. 1-1 at 5 and 9). The Amended Complaint alleges that Defendant Peiker has breached a 2004 License Agreement between the parties, by which Plaintiff Cellport licensed certain patent rights to Defendant Peiker in exchange for royalty payments;

5. That Section 10.4 of the License Agreement states:

> *Mediation.* Cellport and Licensee will attempt to settle any claim or controversy arising out of this Agreement through consultation and negotiation in good faith and spirit of mutual cooperation. Disputes among the Parties will be first submitted to senior executives of Cellport and Licensee for resolution. If the executives are unable to resolve the dispute within thirty (30) days, either Party may refer the dispute to non-binding mediation that will be held either in Boulder, Colorado or Washington, D.C., in the sole discretion of Cellport. The Parties will share the cost of the mediation equally, except that each Party will pay its own attorney's fees. Within ten (10) days after written notice demanding mediation, the Parties will choose a mutually acceptable mediator, and the mediation will be held within thirty (30) days after the mediator is selected. Neither party will unreasonably withhold consent to the selection of the mediator. Use of any dispute resolution procedure will not be construed under the doctrines of laches, waiver, or estoppel to adversely affect the rights of either Party. **Nothing herein prevents either Party from resorting directly to judicial proceedings if the dispute is with respect to intellectual property rights,** *provided* **that there will be no jury trial.**

3

(Docket No. 123-1 at 18) (emphasis in bold added);

6. That pursuant to Fed. R. Civ. P. 39(a), the court may strike a jury demand if it "finds that on some or all . . . issues there is no federal right to a jury trial." The federal courts have held that "it is well-established that a party . . . may move to strike a jury demand at any time, even on the eve of trial." Mowbray v. Zumot, 536 F. Supp.2d 617, 621 (D. Md. 2008). See Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 227 (3rd Cir. 2007);

7. That parties are free to agree contractually to waive their right to a trial by jury. Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835, 837 (10th Cir. 1988)("Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy.");

8. That Plaintiff Cellport never requested or conducted a mediation as permitted under Section 10.4 of the License Agreement above but instead elected to resort directly to judicial proceedings by filing this case;

9. That Plaintiff Cellport freely, voluntarily, knowingly, and intentionally agreed to contractually waive its right to trial by jury in this action; and

10. That Section 10.4 of the License Agreement above is enforceable against Plaintiff Cellport, and for those reasons stated above, the Plaintiff Cellport's demand for a jury trial should be stricken.

4

## ORDER

**WHEREFORE**, based upon these finding of fact and conclusion of law this court **ORDERS**:

1. That Defendant Peiker's Motion to Strike Cellport's Jury Demand (docket no. 123) is **GRANTED**. Plaintiff Cellport's demand for jury trial is stricken; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 27th day of January 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE