IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01007-MSK-MJW

CELLPORT SYSTEMS, INC.,

Plaintiff,

v.

PEIKER ACOUSTIC GMBH & CO. KG,

Defendant.

## ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY
## (DOCKET NO. 133)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for hearing on March 4, 2011, on Plaintiff's

Motion to Compel Discovery (docket no. 133).  The court has reviewed the subject

motion (docket no. 133), the response (docket 144), and the reply (docket no. 150).  In

addition, the court has taken judicial notice of the court file and has considered

applicable Federal Rules of Civil Procedure and case law.  Finally, the court has

considered oral argument by the parties through counsel.  The court now being fully

informed makes the following finding of fact, conclusions of law, and Order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties

        to this lawsuit;

    2.    That venue is proper in the state and district of Colorado;

2

3.      That each party has been given a fair and adequate opportunity to
be heard;

4.      That this case was brought by Plaintiff to recover royalties due from
Defendant on sales of various licensed products, as defined in an
Agreement between the parties.  This dispute involves both
identifying Defendant products that qualify as licensed products
under the Agreement and determining the number of each such
product sold.  One product at issue is an item designated by
Defendant as "CKII" sold to VW and BMW, and the other product is
"CKVI" sold to Audi.  It is undisputed that Defendant makes over
100 different types of "CKII" and sells them to a variety of
customers;

5.      That this court has previously entered a Stipulated Protective Order
(docket no. 40);

6.      That a Markman Hearing is set before Judge Krieger on April 20,
2011;

7.      That no date has been set for a Final Pretrial Conference, and no
dates have been set for trial or for a trial preparation conference;

8.      That at the beginning of this hearing, Plaintiff's counsel informed
this court that items a., f, g., and h. listed on page one of the
subject motion are no longer in dispute, and therefore the only
items in dispute are **items b., c., d., and e**. on page one in the
subject motion;

3

9.   That Rule 26(b)(1) of the Federal Rules of Civil Procedure defines

the scope of discovery as follows:

> Unless otherwise limited by court order, the scope of
> discovery is as follows: Parties may obtain discovery
> regarding any nonprivileged matter that is relevant to
> any party's claim or defense–including the existence,
> description, nature, custody, condition, and location of
> any documents or other tangible things and the
> identity and location of persons who know of any
> discoverable matter. For good cause, the court may
> order discovery of any matter relevant to the subject
> matter involved in the action. Relevant information
> need not be admissible at the trial if the discovery
> appears reasonably calculated to lead to the
> discovery of admissible evidence. All discovery is
> subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). However, "a party's right to obtain

discovery of 'any matter, not privileged, that is relevant to the claim

or defense of a party' . . . may be constrained where the court

determines that the desired discovery is unreasonable or unduly

burdensome given the needs of the case, the importance of the

issues at stake in the litigation, and the importance of the proposed

discovery in resolving the issues." Simpson v. University of Colo.,

220 F.R.D. 354, 356 (D. Colo. 2004). "The Federal Rules of Civil

Procedure permit a court to restrict or preclude discovery when

justice requires in order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or

expense. . . ." Id. See Fed. R. Civ. P. 26(b) and (c);

10.  That as to **item b.,** Defendant argues (1) that it cannot produce

these documents since such documents (information) requested in **item b.**, are subject to a third-party confidentiality agreement; (2) that former Plaintiff's counsel (Hogan) had agreed well before the discovery cut-off date to subpoena such documents (information) from BMW directly; and (3) that the request for such documents is untimely, and such documents are irrelevant.  Plaintiff argues that the subject confidential documents (information) are not privileged and should be produced under appropriate safeguards.  <u>E.E.O.C. v. Thorman & Wright Corp.</u>, 243 F.R.D. 430 (D. Kan. 2007).  Here, the court finds that such documents (information) are relevant and discoverable and thus should be produced to Plaintiff consistent with this court's stipulated protective order (docket no. 40).  The stipulated protective order (docket no. 40) is very restrictive and addresses adequately any concerns about confidentiality;

11.     That as to **item c.,** this court finds that Defendant has already provided some of the documents (information) as to **item c.** pertaining to VW, but there may be supplemental documents that have yet to be produced.  This court also finds that the **CKII** product files and sales data pertaining to VW and BMW are relevant and discoverable and should be produced;

12.     That as to **item d.,** this court finds that the **interface boxes** product files and sales data pertaining to VW and BMW are relevant and

5

discoverable and should be produced;

13.     That as to **item e.**, this court finds that Defendant's witness, Mr.

Richter, was deposed in October 2010.  During this deposition, Mr.

Richter disclosed that Defendant was also selling CKVI cradle

products to Audi. *See* Ex. 4, p. 165, 1.3-p. 168, l. 1 attached to the

subject motion.  No sales of such cradle products were sold to Audi

by Defendant in May 2010.  It appears that sales to Audi of such

cradle products began roughly in September 2010.  This court finds

that the product files and sales data for the CKVI cradle products

sold to Audi by Defendant are relevant and discoverable and should

be produced; and

14.     That in the event the parties believe that additional discovery is

warranted in light of this ruling on the subject motion, they may

move to reopen discovery for a reasonable period and to alter

any other deadlines. Thus, any prejudice that might arise from

this ruling on the subject motion is capable of being cured.

## ORDER

**WHEREFORE**, based upon these finding of fact and conclusion of law this court

**ORDERS:**

1.     That  Plaintiff's Motion to Compel Discovery (docket no. 133) is

**GRANTED**;

2.     That Defendant shall provide responses to **items b., c., d., and e.**

6

listed above to Plaintiff **on or before March 31, 2011**; and

3.      That each party shall pay their own attorney fees and costs for this

motion (docket no. 133) as this court finds that an award of

expenses pursuant to Fed. R. Civ. P. 37 under the circumstances

and facts of this case would be unjust.

Done this 4th day of March 2011.

BY THE COURT


s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE