IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01007-MSK-MJW

CELLPORT SYSTEMS, INC.,

Plaintiff,

v.

PEIKER ACOUSTIC GMBH & CO. KG,

Defendant.

**MINUTE ORDER**

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby ORDERED that Plaintiff's Motion to Compel Production of Mettenheimer Correspondence (docket no.172) is DENIED for the following reasons.

After reviewing, *in camera*, the disputed e-mail chain that includes an English translation marked as bates stamped documents PEIKER 025512, 025513 and 025515 through 025527, inclusive, I find that documents [e-mails] PEIKER 025512, 025513 and 025515 through 025527, inclusive, are protected by the attorney-client privilege and the work product doctrine pursuant to Upjohn Co. v. United States, 449 U.S. 383, 389 (1981), and Hickman v. Taylor, 329 U.S. 495, 508-10 (1947) .  In this case, I find that Defendant Pieker has met its burden and has demonstrated that the communications [e-mails listed above] were communications made by Defendant Peiker's counsel and that such communications consisted of legal counsel or advice and that the e-mails listed above are protected under the attorney-client privilege.  In addition, I find that these e-mails listed above are also protected by the work product doctrine since they were prepared in anticipation of litigation by another party or that party's representative, and were intended to remain confidential.  See In re Gibco, Inc., 185 F.R.D. 296, 298 (D. Colo. 1997)(citing Fed. R. Civ. P. 26(b)(3)).  Lastly, I find that Defendant Peiker has not waived its attorney-client privilege either impliedly or expressly as to the disputed e-mails listed above.  For these reasons, the subject motion (docket no. 172) should be denied.

It is FURTHER ORDERED that documents bates stamped PEIKER 025512, 025513 and 025515 through 025527, inclusive, and the English translation of the same shall be SEALED and not opened except by further Order of Court.

Date:  August 31, 2011