IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 09-cv-01007-RBJ-MJW

CELLPORT SYSTEMS, INC.,

    Plaintiff,

v.

PEIKER ACUSTIC GMBH & CO. KG,

    Defendant.

## ORDER

This case is before the Court on remand from the United States Court of Appeals for the Tenth Circuit. Specifically, the appellate court remanded the case with instructions to determine (1) royalties owed by Peiker to Cellport under the Licensing Agreement with respect to Peiker's CKII/CIB product sold to Volkswagen; (2) same with respect to the CKII/CIB pocket sold to BMW; (3) whether § 1.17(i) of the Licensing Agreement applies to Peiker's CKVI product sole to Audi, and if so, the royalties due under the contract; (4) whether Peiker's BT-PSC product practices Cellport's '456 patent, and if so, royalties due; (5) whether, in view of the appellate order and this Court's rulings on remand, there is a "prevailing party" which is entitled to an award of attorney's fees, costs and expenses under the Licensing Agreement. *See* ECF No. 275 at 11-22. The remand also directed this Court to vacate the part of its judgment which, as I understand it, prematurely applied the '456 patent while an appeal of the revocation of the patent was pending. *Id.* at 22-24.

The parties have briefed the issues on remand. ECF Nos. 293, 294 and 295. However, in a joint status report filed on the same day as Cellport's reply brief the parties asked the Court first to determine the manner in which pre-judgment interest will be calculated. ECF No. 296. The parties state: "Once that issue is decided, the Parties will endeavor to stipulate to damages for the VW CKII/CIB and BMW CKII/CIP products, as well as any other products as to which the Court finds liability." *Id.* In this Order, therefore, the Court addresses only the pre-judgment interest issue. The Court requests that, after receiving and considering this Order, the parties then advise the Court as to what issues, if any, remain disputed and require resolution by this Court.

By way of background, the parties disputed whether pre-judgment interest should be calculated at the 1.5% rate set forth in paragraph 3.4 of the Licensing Agreement [ECF No. 1-5 at 13] or at the Colorado statutory rate. This Court held, and the Tenth Circuit agreed, that the contractual rate only applies to accounting disputes, which were not at issue in this case, such that the statutory rate was appropriate. ECF No. 275 at 21-22. The parties now dispute the date on which pre-judgment interest begins to run. Cellport argues that it is the date of the quarterly sales reports that Peiker is required to submit. ECF No. 293 at 10 (brief page 7). Peiker argues that it is the date Cellport identified a product as an accused product and demanded royalties. ECF No. 294 at 26 (brief page 23). I conclude that neither party's proposed trigger date is correct, although I am closer to Cellport's position.

Statutory interest in Colorado is governed by C.R.S. § 5-12-102. The statute provides:

(1) Except as provided in section 13-21-101, C.R.S.[1], when there is no agreement as to the rate thereof, creditors shall receive interest as follows:

(a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person

---

[1] That section concerns personal injury cases and is not relevant here.

2

> withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; *or, at the election of the claimant,*
>
> (b) Interest shall be at the rate of eight percent per annum compounded annually for all moneys or the value of all property after they are wrongfully withheld *or after they become due* to the date of payment or to the date judgment is entered, whichever first occurs."
>
> (2) When there is no agreement as to the rate thereof, creditors shall be allowed to receive interest at the rate of eight percent per annum compounded annually for all moneys *after they become due* on any bill, bond, promissory note, or other instrument in writing." (emphasis added).

Cellport suggests that either subsection (1)(b) or (2) applies here. ECF No. 293 at 11 and 11 n.3. I agree. Cellport, as the claimant, can elect subsection (1)(b) rather than subsection (1)(a). Under either subsection 1(b) or subsection (2), the date that payment becomes due is a date that triggers the running of pre-judgment interest.

The Licensing Agreement provides that royalties on licensed products "*shall be due upon shipment* by or on behalf of Licensee or any Subsidiary of Licensee and shall be paid at the time of delivery of each statement required by Section 3.3 below by wire transfer of immediately available funds to the account specified by Cellport." Licensing Agreement § 3.1 [ECF No. 1-5 at 12] (emphasis added). Unlike cases cited by Peiker,[2] there is no need in this case to deem when the money became due. The contract specifies the due date.

Putting the contractual and statutory sections together, the Court concludes that pre-judgment interest runs from the date royalty payments were due, which means the date that the product was shipped by or on behalf of Peiker or a Peiker subsidiary. The date of the quarterly sales report is the date on which payment was to be physically made, not the day the royalty was "due." The dates of the quarterly sales reports might make calculation of pre-judgment interest easier, and the parties can stipulate to using those dates rather than the shipment dates if they

---

[2] *See, e.g., Riva Ridge Apartments v. Robert G. Fisher Co.,* 745 P.2d 1034, 1040 (Colo. App. 1987); *W.H. Woolley & Co. v. Bear Creek Manors*, 735 P.2d 910, 912 (Colo. App. 1986).

wish. However, construing the contract strictly, the due date (and therefore the pre-judgment interest trigger date) is the shipment date.

DATED this 29th day of April, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge