IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 09-cv-01007-RBJ-MJW

CELLPORT SYSTEMS, INC.,

    Plaintiff,

v.

PEIKER ACUSTIC GMBH & CO. KG,

    Defendant.

## ORDER

The parties are back, this time a disputed motion by Cellport for an award of attorney's fees. ECF No. 308. The License Agreement provides that the prevailing party in any suit arising in connection with the Agreement "shall be entitled to recover its reasonable attorney's fees, costs and expenses in addition to any other damages." ECF No. 308-2 at ¶ 10.3. Having now prevailed as to five of the seven contested Peiker products, Cellport contends that it was the prevailing party and should be awarded 100% of the fees and costs it has incurred "to date," i.e., $2,332,323.22 through the date of Mr. Kennedy's affidavit. ECF No. 308-1. Peiker counters that the two products as to which it prevailed contained "the vast majority of the sales and royalties at issue," so Peiker, if anyone, was truly the prevailing party. That notwithstanding, Peiker does not seek an award of its fees but asks the Court to decline to make any award to Cellport. If, however, the Court disagrees, then Peiker requests an evidentiary hearing on the reasonableness of the fees. ECF No. 313. In reply, Cellport repeats that it prevailed and argues

that by not contesting the amount of fees and costs in its response, Peiker waived its right to do so.

The Court finds that Cellport is the prevailing party. It prevailed as to five of the seven products in dispute, having not only had to try the case but to take a successful trip to the Tenth Circuit and to continue successfully, in part, to battle Peiker on remand. I am not at all sure that preparing and presenting the five claims required less time, effort or expense than the other two claims just because the other claims involved a potentially bigger financial recovery. This Court did not keep time records but is quite sure that the time it has spent on the case is not directly proportional to the damages sought per claim. Moreover, Cellport established its disputed theory of the case – that resolution of the case was a matter of the interpretation and application of a contract, not infringement or non-infringement of its patents – and that Peiker in substantial ways breached the contract. *See, e.g. Dennis I. Spencer Contractor v. City of Aurora,* 884 P.2d 326, 327 (Colo. 1994) ("[W]here a claim exists for violation of a contractual obligation, the party in whose favor the decision or verdict on liability is rendered is the prevailing party for purposes of awarding attorney's fees.").

However, Cellport's suggestion that it be awarded 100% of the fees and costs billed with (1) no reduction based on its loss on two of the seven products, (2) no adjustment based on the fact that the two products on which it did not prevail were the most financially significant, and (3) no assessment of the reasonableness of the fees claimed is not convincing. Any attorney's fees or costs awarded must be "reasonable." Reasonableness is generally determined by applying the analysis and factors set forth originally in *Johnson v. Georgia Highway Express,*

*Inc.*, 488 F. 2d 714 (5th Cir. 1974],[1] and the Colorado Rules of Professional Conduct.[2]  Both sources require that the district court examine the request and award only those found to be reasonable.  Both sources include results obtained (or not obtained) as a relevant factor for courts to consider.  Realistically, that should include consideration of the economic significance of the various claims to the parties.

I likewise do not find that Peiker has waived its right to challenge the amount and to obtain the Court's determination of reasonableness.  The process of examining the reasonableness of fees and costs adding up to more than $2 million is potentially arduous and expensive, and it makes sense to have the entitlement question resolved first.  Frankly, this Court always recognizes the right of a party to have an evidentiary hearing on the reasonableness of the fees claimed.

That said, the Court thinks the parties might wish to consider the economics and the effort involved in that process.  For example, the parties could consider an attempt to stipulate to a percentage of the amount specified in the Kennedy affidavit.  Common sense and compromise might produce a quicker, better and ultimately more final resolution than continued warfare. However, after conferring in good faith, if you cannot agree, then set the dispute concerning the

---

[1] *Johnson* requires determination of the "lodestar" (reasonable rates times reasonable hours).  It lists 12 factors or guidelines for courts to consider in determining reasonableness: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney's; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 717-19.

[2] The Colorado Rules of Professional Conduct are found as an Appendix to Chapters 18 to 20, COLORADO COURT RULES – STATE (2015).  These factors identified in Rule 1.5 are (1) time and labor required, (2) likelihood of preclusion of other employment, (3) fee customarily charged in the locality, (4) amount involved and results obtained, (5) time limitations imposed by the client or circumstances, (6) nature and length of the professional relationship, (7) experience, reputation, and ability of the lawyer(s), and (8) whether the fee is fixed or contingent.

reasonableness of the fees for an evidentiary hearing. In that event the Court will expect the parties to be prepared to justify the rates (and any opposition thereto); the time recorded on a line item basis (and opposition to specific time entries); a detailing of the time written down or off for duplication of effort and inefficiency (or an explanation of why this was not done); the application of the *Johnson* and Rules of Professional Conduct factors; and an allocation of the time to the specific products to the extent possible. It would also be helpful to have information comparison purposes concerning the rates, time, write-downs, write-offs, and total billings to Peiker.

## ORDER

For the foregoing reasons, ECF No. 308 is GRANTED IN PART AND DENIED IN PART as indicated in this order.

DATED this 19th day of April, 2016.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge